UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DPR MANAGEMENT, LLC, a Michigan
limited liability company and METRO
EMERGENCY SERVICES, INC., a
Michigan corporation,

       Plaintiffs,

v.

EVANSTON INSURANCE COMPANY,
a foreign insurance company,

       Defendant.

Case No. 11-14600
HON. AVERN COHN

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DOC. 5)

### I. Introduction

This is an insurance case. DPR Management, LLC (DPR), a Michigan limited liability company, and Metro Emergency Services, Inc. (Metro) a Michigan corporation are suing Evanston Insurance Company (Evanston), a foreign corporation, for breach of contract. Plaintiffs say they purchased insurance policies from Evanston and experienced covered losses to their property; however, Evanston refused to pay on the policies.

Now before the Court is Evanston's motion to dismiss under Fed. Rule Civ. P. 12(b)(6).[1] Evanston says that plaintiffs have not met the pleading standards required by

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2)

the Federal Rules of Civil Procedure and moves the Court to dismiss the complaint accordingly.

## II. Background

Plaintiffs' complaint makes the following allegations. Plaintiffs[2] own two properties, (1) 224 Highland Highland Park, MI (Highland), and (2) 12535 Harper Avenue Detroit, MI 48213 (Harper). The properties were covered by insurance policies issued by Evanston. Both of the properties experienced a loss coved by the policies; Harper was vandalized, while Highland was damaged by fire. Plaintiffs submitted claims to Evanston and both were denied; the claim numbers are listed in the complaint. Plaintiffs assert Evanson's refusal to pay is a breach of the contracts between the parties.

## III. Motion to Dismiss

Evanston filed a motion to dismiss, asserting plaintiffs' complaint did not contain enough factual allegations to state a plausible claim. Evanson argues the complaint is a naked recitation of the elements of a cause of action, the type forbidden by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009).[3]

## IV. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."

---

[2] Plaintiffs do not specify who has an ownership interest in the properties.
[3] As of February 2, 2012, plaintiffs have not petitioned the Court for leave to amend the complaint.

*Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 545 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Aschcroft v. Iqbal*, 556 U.S. 662 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### V. Discussion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Evanston cites to several cases to support its argument that plaintiffs complaint is deficient, one of which is *Yapak, LLC v. Massachusetts Bay Ins. Co.*, 2009 U.S.Dist.LEXIS 96361 (D.N.J. Oct. 16 2009). Evanston asserts that *Yapak* stands for the proposition that a plaintiff must allege facts concerning the terms of the policy and how or why the policy was breached to raise a plausible claim. However, Yapak's only allegation regarding the policy is that its insurance claim was denied. Plaintiffs allege significantly more; the insurance policies they owned covered loss due to fire and vandalism, they made claims against the policies, and Evanston denied both claims.

Next, Evanston argues that plaintiffs' allegations of damages are conclusory and therefore insufficient. However, plaintiffs do not need a full accounting of their loss to survive a 12(b)(6) motion. Plaintiffs allege fire damage to Highland and vandalism damage to Harper, the combination of which exceeds $75,000.[4] This is more than an unadorned recital that "plaintiff suffered damages", which the court in *Eichholz v. Wells Fargo Bank*, 2011 U.S.Dist.LEXIS 128455 (E.D.Mich Nov. 7, 2011) found inadequate to state a plausible claim.

Make no mistake, plaintiffs' complaint leaves much to the imagination. However, adequate pleading does not require an eloquent and robust narrative. Rather, plaintiff must allege facts that state a plausible claim for a breach of contract. The plaintiffs' complaint goes beyond conclusory statements; it alleges the existence of an insurance policy, that the contract covered the two parcels of property; both suffered

---

[4] This assertion, without elaboration, makes subject matter jurisdiction of the Court uncertain. For example, if DPR owns one property and Metro owns the other, each covered by separate insurance policies, plaintiffs cannot aggregate their claims to meet the jurisdictional threshold because their right to relief does not arise out of the same transaction or occurrence. Fed. Rule Civ. P. 20(a)(1)(A)-(B).

losses, one by fire, and the other damaged by vandals. The complaint goes on to allege the plaintiffs made claims against the policies but Evanston refused to pay. Although plaintiffs' complaint lacks detail, it alleges sufficient facts to state a case for breach of contract.

Finally, plaintiffs should have attached a copy of each claim and each denial letter as exhibits to the complaint. In any case, Evanston has no doubt diligently inspected both properties as a prerequisite to denying the claims and has formed some opinion as to why the damage to each property is not an insurable loss. With this in mind, it is difficult to imagine Evanston lacks notice of the factual basis of the dispute.

**SO ORDERED.**

Dated: February 3, 2012

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, February 3, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160